pBYRNBS, J.,
dissenting.
. I respectfully dissent. A careful review of the record indicates that there was forbearance and waiver on the part of the creditor/plaintiff, I must agree with the result reached by Judge Bagneris. The amortization schedule and handwritten *656 notes thereon found at page 47 in the record are acknowledged by plaintiff at page 3 of her appellate brief. Plaintiff further acknowledges her handwritten initials next to each payment on the schedule in her answers to interrogatories. Plaintiff does not contest the authenticity of this payment schedule in the record, nor does she offer any explanation that would overcome the legal implications of the handwritten annotations on the face of the amortization schedule. In the absence of evidence to the contrary evidence, the only reasonable inference one would draw from plaintiffs initials next to each payment on the amortization schedule is that each such payment was accepted and allocated as between principal and interest by the plaintiff in accordance with that schedule. This should be sufficient to establish a prima facie case in favor of the defendants and shift the burden to the plaintiff. The majority characterizes the actions of the plaintiff as the “mere acceptance of the untimely payments,” but the initialing by the plaintiff of the amortization schedule, which shows how payments are to be apportioned as |?between principal and interest, is far more than the “mere acceptance of the untimely payments.”
The majority also expresses concern that the amortization schedule in the record begins with payment number 121 and lacks all prior payments. However, the plaintiff does not even begin to suggest that the production of that portion of the payment schedule dealing with the first 120 payments would tend to show anything inconsistent with that portion of the schedule that is in the record. The burden should be on the plaintiff to show that the earlier portion of the schedule would lead to a different conclusion.
This payment schedule, together with the defendants’ affidavit and answers to interrogatories, is sufficient to support the defendants’ motion for summary judgment and to shift the burden to the plaintiff. At trial plaintiff bears the burden of proving her case by a preponderance of the evidence. The plaintiffs conclusory affidavit and the copy of the solitary letter found at page 49 of the record are insufficient to show that the plaintiff will be able to discharge her burden of proof at trial. Summary judgment in favor of the defendants would be consistent with the current philosophy expressed by the legislature of favoring summary judgments. Accordingly, I would affirm the judgment of the trial court